IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>vs.<br><br>MICHAEL TYNDALL, JR.,<br><br>              Defendant. | 8:22CR257<br><br>STATEMENT OF POSITION REGARDING THE REVISED PRESENTENCE INVESTIGATION REPORT |

COMES NOW the Plaintiff, the United States of America, by and through the United States Attorney for the District of Nebraska and the undersigned Assistant United States Attorney, and offers its written statement of position regarding unresolved objections to the Revised Presentence Investigation Report ("Revised PSR").

    1. Plaintiff's position is that the Revised PSR is correct in all aspects.

    2. According to the "Addendum to the Presentence Report," Defendant objects to Paragraphs 27, 32, 35, and 73 of the Revised PSR as well as to Special Conditions "ll," "mm," "oo," "rr," and "ss" contained within the Revised PSR.

    3. The United States submits defendant's objections to Special Conditions "ll," "mm," "oo," and "ss" without further comment or argument.

    4. Plaintiff's position with respect to paragraphs 27, 32, 35, and 73 is that the Revised PSR properly assessed a 7-level increase in the offense level based on the Specific Offense Characteristic outlined in USSG § 2G3.1(b)(1)(E), which requires an increase by 7 levels "if the offense involved distribution to a minor that was intended to persuade, induce, entice, coerce, or facilitated the travel of, the minor to engage in prohibited sexual conduct." Defendant admits that he distributed the obscene image to a minor by virtue of his guilty plea to the charged offense,

1

but defendant claims he did not intend to persuade, etc., the Minor Victim's engagement in any prohibited sexual conduct. The defendant's messages and conduct in this case, however, show a clear intent to persuade, induce, or entice the Minor Victim in this case to engage in prohibited sexual conduct. "Prohibited sexual conduct" is defined in USSG § 2A3.1 Note 1 to include "any sexual activity for which a person can be charged with a criminal offense" and "the production of child pornography." The defendant's messages and distribution of the obscene image to the Minor Victim show his intent to persuade, induce, or entice the Minor victim to engage in either one or both of the following: 1) sexual acts with defendant, for which he could have been charged with a criminal offense or 2) self-generation of child sexual abuse material (an obscene photo of herself), i.e., production of child pornography. In the messages exchanged between defendant and the Minor Victim, there are four exchanges which particularly demonstrate defendant's intent:

    a. When Minor Victim asked the defendant "wyd?" (which means, "what you doing"), defendant responded "Hopefully you" then "Later tonight?" Defendant suggested in this message that he hoped to "do" (i.e., participate in sexual acts with) the Minor Victim and even suggests those sexual acts could happen later that night.

    b. When Minor Victim said to the defendant "asm" (which means, "ask me something"), defendant responded "Can it be anything?" then "You ever have sex before?" then "Or is that too personal of a question? Lmao[.]" When given the opportunity to ask the Minor Victim *any* question, the defendant *chose* to ask a question focused on the Minor Victim's sexual behavior and history, continuing to sexualize the conversation.

    c.   When Minor victim responded to defendant's question of "How old are you lil mama?" with "14," defendant responded "Oh damn [for real]?" then "You a baby baby.. lmao" then "So do you got a favorite position?" Defendant's response when he learned the Minor Victim's age was not to disengage the conversation or move away from sexual topics. Quite the opposite, in fact, the defendant doubled down—first commenting on just how young he considered the Minor Victim to be (i.e., "a baby baby") and then *immediately thereafter asking the Minor Victim's favorite sexual position*.

    d.   When the Minor Victim replied that she did have a favorite position, defendant responded "Wanna show me what it is? Lol" then "Check your snap then…[laughing crying emoji][smirk emoji][.]" Defendant plainly requested the Minor Victim to "show" him Minor Victim's favorite sexual position, knowing full well her age. Then the defendant provided an example of how Minor Victim could "show" him by sending an image of his own nude penis to Minor Victim via Snapchat, demonstrating his intent to persuade, induce, or entice Minor Victim to produce a nude image of herself for him.

Defendant's intent is demonstrated through his messages to the Minor Victim, including sending the obscene image of his penis; he intended to persuade, induce, and/or entice Minor Victim to engage in prohibited sexual conduct, either by participating in sexual acts with defendant (for which he could have been criminally charged) or producing child pornography for the defendant. Therefore, the 7-level increase under USSG § 2G3.1(b)(1)(E) was properly applied in the Revised PSR and the calculated adjusted and total offense levels, as well as the calculated guideline range, are correct.

5.  Plaintiff's position with respect to Special Condition "rr" is that it is an appropriate recommendation in this case. Defendant objects to the condition's requirement of "sex offense-specific" evaluations and treatment on the basis that defendant is not a sex offender under the Sex Offender Registration and Notification Act (SORNA). However, the defendant's offense of conviction, namely a violation of 18 U.S.C. § 1470 for transfer of obscene material to a minor, is a qualifying offense under SORNA, meaning the defendant is a sex offender with resulting registration obligations, and this condition is therefore appropriate. While 18 U.S.C. § 1470 is not one of the statutes specifically enumerated as a sex offense in SORNA, both the Fifth and Eleventh Circuits have held that a violation of 18 U.S.C. § 1470 constitutes a "sex offense" for purposes of SORNA because the offense falls within the SORNA "residual clause" (34 U.S.C. § 20911(7)(I)). *United States v. Schofield*, 802 F.3d 722 (5th Cir. 2015) and *United States v. Dodge*, 597 F.3d 1347 (11th Cir. 2010). A "sex offense" is defined by SORNA to include "a criminal offense that is a specified offense against a minor." 34 U.S.C. § 20911(5)(A) and (A)(ii). The SORNA residual clause subsequently incorporates "any conduct that by its nature is a sex offense against a minor" into the definition of a "specified offense against a minor." 34 U.S.C. § 20911(7)(I). Because 18 U.S.C. § 1470 falls within the residual clause, a violation thereof is a "specified offense against a minor," and therefore a violation of 18 U.S.C. § 1470 is a "sex offense" under SORNA. *Schofield* 802 F.3d at 729. In *Schofield*, the Fifth Circuit analyzed 18 U.S.C. § 1470 using both categorical and noncategorical approaches, finding that under either approach, attempted transfer of obscene material to a minor constitutes a "sex offense" for the purposes of SORNA because it falls within the SORNA residual clause. *Id*. The defendant in that case pled guilty to attempted transfer of obscene material to a minor, specifically for attempting to transfer via text message a video of an adult male masturbating. *Id.* at 724. The defendant's

conduct also included sending pictures of his penis. *Id.* Using the categorical approach, the court examined the elements of 18 U.S.C. § 1470, finding that it clearly requires 1) the victim be less than 16 years old (i.e., a minor) and 2) the transferred material be obscene. *Id.* at 729. Those elements, the court concluded, categorically match to the required elements of "any conduct that by its nature is a sex offense against a minor," to wit: 1) that the victim is a minor, and 2) that the conduct is sexual in nature. *Id.* at 729. The court noted in its non-categorical analysis that "there is little difference between [defendant's] conduct as charged in 18 U.S.C. § 1470 and conduct that obviously requires registration," such as 18 U.S.C. § 2252B(b), which is one of the enumerated sex offenses under SORNA and "criminalizes the use of a 'misleading domain name on the Internet with the intent to deceive a minor into viewing material that is harmful to minors." *Id.* at 729. The Fifth Circuit concluded that "if [defendant] had attempted to deceive a fifteen-year-old girl into viewing the images he transmitted, he certainly would have been required to register under SORNA," so a violation of 18 U.S.C. § 1470 must also constitute a sex offense under SORNA to avoid a "bizarre" exemption to SORNA's requirements for honest predators. *Id. See also Dodge*, 597 F.3d 1347 at 1354-55 (noting that defendant's conduct "evinced his intent that a thirteen-year-old girl view him in a sexual state" and holding that, under a non-categorical approach, 18 U.S.C. § 1470 is a "specified offense against a minor" and therefore a "sex offense" for the purposes of SORNA). Because defendant's offense of conviction is a violation of 18 U.S.C. § 1470, which qualifies as a sex offense under SORNA, he is a sex offender, and this condition is appropriate.

6. Plaintiff anticipates offering evidence at sentencing to include screenshots of the messages between the defendant and the Minor Victim.

WHEREFORE, the United States requests that the Court consider the proffered evidence and argument as to unresolved objections to the Revised Presentence Investigation Report.

Respectfully Submitted,

UNITED STATES OF AMERICA,

STEVEN A. RUSSELL
United States Attorney
District of Nebraska


By:    s/ Kathryn A. Pflug
        KATHRYN A. PFLUG, #27650
        Assistant U.S. Attorney
        1620 Dodge Street, Ste. 1400
        Omaha, Nebraska 68102
        Tel: (402) 661-3700
        Fax: (402) 661-3084
        E-mail: kathryn.pflug@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all registered participants.

        s/ Kathryn A. Pflug
        Assistant U.S. Attorney