IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| United States of America, | ) | Case No. 8:22cr257 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **Objections to the Revised** |
| v. | ) | **Presentence Investigation** |
| | ) | **Report** |
| Michael Tyndall, Jr., | ) | |
| Defendant. | | |

Defendant Michael Tyndall, Jr., objects to Paragraphs 27, 32, 35, and 73 of the Revised Presentence Investigation Report. He also objects to Paragraph 98, Mandatory Condition #6, and Special Conditions ll, mm, oo, rr, and ss.

**Paragraphs 27, 32, 35, and 73**

The seven-level enhancement under § 2G3.1(b)(1)(E) does not apply. Despite the nature of the text message's content, Michael Tyndall had no intention of acting on the messages in any way, and as such, he did not intend to persuade, etc., any prohibited sexual conduct. There's not a lot (read: any) case law interpreting § 2G3.1(b)(1)(E), but the plain language of the section – "that was intended to" – puts the focus upon the defendant's *actual* intent in distributing the obscene material, not how the message is/was subjectively received. Michael Tyndall was heavily intoxicated – blackout drunk – that night and had no intention of seeking out actual prohibited sexual conduct. Had the United States thought it could prove that Mr. Tyndall intended to persuade, induce, or entice prohibited sexual conduct (or even attempted to do those things), it could have tried to indict, prosecute, and prove those acts.

The five-level enhancement § 2G3.1(b)(1)(C) does apply. The correct total offense level is 14 and the correct guideline range is 21 to 27 months.

**Paragraph 98 and Mandatory Condition #6**

We object to Paragraph 98 – a post-informal-objection-deadline addition.

First, this issue is not ripe. The Sex Offender Registration and Notification Act ("SORNA") (34 U.S.C. § 20901 *et seq*)[1] is a statute that articulates which offenders, under the threat of prosecution, must register and for how long. The probation office and the government are now asking this Court to rule (anticipatorily?) upon that statute's applicability to Mr. Tyndall. There is no reason for this Court to decide whether Mr. Tyndall must register under SORNA as a term of his supervised release. If he *is* required to register, Mandatory Condition #6 is wholly subsumed by Mandatory Condition #1. If he *isn't*, the condition is wholly inappropriate.

Second, this is *not* a sex offense. Both the probation office and the government concede that § 1470 is not a specified sex offense under SORNA. The probation office and the government have instead asked this Court to use SORNA's "specified offense against minor" residual clause, 34 U.S.C. § 20911(5)(A)(ii), to classify this as a "sex offense." The two offices, however, cannot agree to which subsection of the "specified offense against a minor" definition is applicable. The RPSR asserts that registration is warranted because the instant offense "involves…solicitation to engage in sexual

---

1 Mandatory Condition #6 provides 42 U.S.C. § 16901 *et seq* as the citation for SORNA. It was transferred to 34 U.S.C. § 20901 *et seq* on September 1, 2017.

conduct." *See* 34 U.S.C. § 20911(7)(E); RPSR at Paragraph 98. The United States argues that registration is warranted because this offense involves "[a]ny conduct that by its nature is a sex offense against a minor." *See* 34 U.S.C. § 20911(7)(I); Dkt. Entry #28 at 4.

It is neither.

As noted above, Mr. Tyndall vehemently denies that this exchange involved a genuine solicitation to engage in anything (else) illegal. *See, e.g.,* the "lol" in the text exchange. He was, at the time, blackout drunk. He did not request any images from the minor. No plans were made. The tenor exchange was wholly inappropriate, obscene, and ribald, but not in any way serious.

This Court should employ a *Johnson v. United States*, 576 U.S. 591 (2015) categorical approach to determine whether 18 U.S.C. § 1470 is a qualifying sex offense. In *Johnson*, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B) based upon the Due Process Clause's prohibition of vague criminal laws. The *Johnson* Court's concern with the ACCA residual clause was that it asked, "whether the crime 'involves conduct' that presents too much risk of physical injury." 576 U.S. at 596. This conduct-based inquiry left the Court "convinced that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process." *Id.* at 597.

The United States cites two out-of-circuit cases to justify its position: *United States v. Schofield*, 802 F.3d 722 (5th Cir. 2015) and *United States v. Dodge*, 597 F. 1347 (11th Cir. 2010). *Schofield* is a per curiam opinion reviewing the unobjected-to condition for plain error. *Schofield*'s rationale and analysis rests heavily upon *Dodge,* a pre-*Johnson* case. Though *Schofield* briefly addresses the then-new *Johnson* opinion, it distinguishes SORNA's residual clause from ACCA's in the most superficial of ways (the greater similarity of offenses under the "specified offense[s] against minor[s]" umbrella and the role of the "repeated attempts and repeated failures" to make the ACCA residual clause workable.) None of the *Schofield* distinctions address the concerns of *Johnson*: fair notice and arbitrary enforcement.

SORNA's residual clause is as vague as ACCA's. Using it to create a registration obligation for Michael Tyndall would violate his Due Process rights.

This Court should not impose Mandatory Condition #6.

**Special Conditions.**

Supervised-release conditions must be individually tailored. *See United States v. Thompson,* 653 F.3d 688, 691 (8th Cir. 2011) (citing 18 U.S.C. § 3583(d) and *United States v. Mayo*, 642 F.3d 628, 631 (8th Cir. 2011)).

Michael Tyndall objects to the following proposed conditions:

ll. Michael Tyndall objects to this condition insofar as it prohibits him from having contact with his own children. There is nothing in the record to suggest Mr. Tyndall poses a risk to his own children.

mm. The use of the words/phrases "loiter," "near," and "other places used primarily by children under the age of 18" renders this proposed special condition unconstitutionally vague. Beyond being factual inappropriate, these loosely defined terms will make it almost impossible for Mr. Tyndall to know whether he is following this condition. Can he shop at the mall? Eat in the food court? Can he walk a dog in the park? Can he attend college? Study under a tree on the quad? *See/But see: United States v. Smith,* 655 F.3d 839, 846 (8th Cir. 2011) (*cert granted, vacated on other grounds*, in *Smith v. United States*, 132 S.Ct. 2712 (June 4, 2012))

oo. Same objection as mm, except that my beef now is with "access to children." "Access to children??" Maybe this could be reworded as "he can't work in high schools, middle schools, elementary schools, daycares, and Sunday school."

rr. We object to this condition because the instant offense is not a sex offense (*see above*). Moreover, this proposed condition includes antiquated references to polygraphy. Lie detectors are junk science. *See, generally,* Katrina Gulliver, *Lie Detectors are Junk Science, but We Keep Using Them,* Reason, March 7, 2023, https://reason.com/2023/03/07/lie-detectors-are-junk-science-but-we-keep-using-them/ (last accessed April 27, 2023).

ss. *See, generally,* my objection to rr, especially the part about Katrina Gulliver, *Lie Detectors are Junk Science, but We Keep Using Them,* Reason, March 7, 2023, https://reason.com/2023/03/07/lie-detectors-are-junk-science-but-we-keep-using-them/ (last accessed April 27, 2023).

By: /s/Richard H. McWilliams
**RICHARD H. McWILLIAMS**
**Assistant Federal Public Defender**
222 South 15th Street, Ste. 300N
Omaha, NE 68102
(402) 221-7896
Rich_mcwilliams@fd.org