IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>MICHAEL TYNDALL, JR.,<br><br>                Defendant. | 8:22CR257<br><br>RESPONSE TO ADDITIONAL DEFENSE OBJECTIONS TO THE REVISED PRESENTENCE INVESTIGATION REPORT |

COMES NOW the Plaintiff, the United States of America, by and through the United States Attorney for the District of Nebraska and the undersigned Assistant United States Attorney, and offers its written response to Defendant's additional objections to the Revised Presentence Investigation Report ("Revised PSR"), to wit: objections to both Paragraph 98 of the Revised PSR and Mandatory Condition #6 (see Filing No. 29).

**The issue of whether defendant is required by the Sex Offender Registration and Notification Act (SORNA)[1] to register as a sex offender is ripe for the purposes of determining appropriate conditions of supervised release.**

The defendant first argues in his objections to Paragraph 98 and Mandatory Condition #6 that the issue of whether SORNA's registration requirements apply to him based on his offense of conviction is not ripe. Filing No. 29 at 2. However, under 18 U.S.C. § 3583(d) ("Conditions of Supervised Release"), the district court "*shall order, as an explicit condition of supervised release* for a person required to register under the Sex Offender Registration and Notification Act, that the person comply with the requirements of the Act" (emphasis added). Because the district court is required by statute to impose such an explicit condition of supervised release when it is applicable, the court must determine, before imposing supervised release conditions,

---

[1] The government agrees with Defendant that the proper citation for SORNA, as of September 1, 2017, is 34 U.S.C. § 20901 *et seq* rather than the former citation as listed in the Revised PSR Mandatory Condition #6.

1

whether the defendant is "a person required to register under the Sex Offender Registration and Notification Act[.]" *Id.* Therefore, it is proper for the court to determine whether the defendant's offense of conviction is a sex offense under SORNA, requiring his registration and the court's imposition of an explicit condition of supervised released that the defendant comply with SORNA's requirements. Defendant claims that if he *is* required to register under SORNA that Mandatory Condition #6 would then be subsumed by Mandatory Condition #1 (which prohibits the defendant from committing another federal, state, or local crime). The defendant's objection is contrary to the mandate in 18 U.S.C. § 3583(d)—the statute requires an *explicit* condition of supervised release commanding compliance with SORNA's requirements.

**Defendant's conviction under 18 U.S.C. § 1470 (Transfer of Obscene Material to a Minor) is a sex offense under SORNA.**

The defendant next argues that a violation of 18 U.S.C. § 1470 is not a sex offense and urges the court to use a categorical approach, à la *Johnson v. United States*, 576 U.S. 592 (2015), to determine whether such violation is a qualifying sex offense. Filing No. 29 at 3. The government previously discussed in its Statement of Position Regarding the Revised Presentence Investigation Report (Filing No. 28, para. 5) that both the Fifth Circuit (in *United States v. Schofield*, 802 F.3d 722 (5th Cir. 2015) and the Eleventh Circuit (in *United States v. Dodge*, 597 F.3d 1347 (11th Cir. 2010)) have held a violation of 18 U.S.C. § 1470 to be a "sex offense" under SORNA by way of the SORNA residual clause because it is an offense that involves "any conduct that by its nature is a sex offense against a minor." 34 U.S.C. § 20911(7)(I). In *Schofield*, the Fifth Circuit made this determination under both the categorical approach (urged by the defendant) and non-categorical, or circumstance-specific, approach. 802 F.3d at 729. In *Dodge*, the Eleventh Circuit utilized the non-categorical approach to reach the same conclusion. 597 F.3d at 1355.

While the Eighth Circuit has not directly examined whether 18 U.S.C. § 1470 is a sex offense under SORNA, it has, on at least two occasions, held that a circumstance-specific (i.e., noncategorical) approach should be used when determining whether a conviction qualifies as a "sex offense" under SORNA because it is "conduct that by its nature is a sex offense against a minor." *United States v. KT Burgee*, 988 F.3d 1054 (8th Cir. 2021) and *United States v. Hill*, 820 F.3d 1003 (8th Cir. 2016). Notably, both *KT Burgee* (2021) and *Hill* (2016) are post-*Johnson* cases, and both specifically address the appropriate method of interpreting SORNA in this context, unlike *Johnson*, which applied a categorical approach to a wholly different statute.

In *Hill*, the Eighth Circuit cites specifically to the Eleventh Circuit's *Dodge* opinion when adopting its circumstance-specific approach to analyzing whether "a prior offense constitutes 'conduct that by its nature is a sex offense against a minor' under SORNA[.]" 820 F.3d at 1005. In *KT Burgee*, the court expressly denied a request by the defendant-appellant to overrule that holding in *Hill* in favor of a categorical approach. 988 F.3d at 1056. Accordingly, this court should use a circumstance-specific (or noncategorical) approach, like the courts in *Schofield* and *Dodge*, to determine whether a violation of 18 U.S.C. § 1470 is a sex offense under SORNA. Because the *Hill* court looked to the Eleventh Circuit's opinion in *Dodge* when determining the appropriate method of analysis under SORNA, and the *Dodge* opinion specifically addressed the statute of conviction in this case, it is highly instructive here.[2]

In *Dodge*, the defendant appealed the portion of his sentence which required him to register as a sex offender under SORNA. 597 F.3d at 1350. Dodge pled guilty to one count of transferring obscene material to a minor in violation of 18 U.S.C. § 1470, which charged that the 33-year-old defendant knowingly transferred over the Internet pictures, and links to websites

---

[2] The government previously discussed the Fifth Circuit's non-categorical analysis in *Schofield*, which is very similar to the Eleventh Circuit analysis in *Dodge*, in Filing No. 28, para. 5.

3

containing pictures, of himself fully nude and masturbating to a person less than 16 years old. *Id.* The presentence investigation report suggested the court impose SORNA registration as a condition of supervised release, which the court ultimately did, over Dodge's objection that he was not a "sex offender" because his violation of 18 U.S.C. § 1470 was not a "sex offense." *Id.*

On appeal, the Eleventh Circuit addressed "whether Dodge's conviction under 18 U.S.C. § 1470 for knowingly transferring obscene material to a person less than sixteen years old makes him a 'sex offender' subject to SORNA's registration requirement." *Id.* at 1351. After concluding that a violation of 18 U.S.C. § 1470 is a "criminal offense" under SORNA, the court next determined that the circumstance-specific approach was appropriate to determine whether a violation of 18 U.S.C. § 1470 is "a specified offense against a minor." *Id.* at 1353-55. Under the circumstance-specific approach, the court looked to the underlying facts of Dodge's offense in its analysis, holding that "[i]n our view, a thirty-three-year-old man using the Internet to send obscene photographs to a thirteen-year-old girl clearly constitutes… 'conduct that by its nature is a sex offense against a minor'" such that "the noncategorical approach requires the classification of Dodge's crime as a 'sex offense' under SORNA." *Id.* at 1355. In support of its holding, the court commented that "the language of SORNA confirms our conclusion that Congress cast a wide net to ensnare as many offenses against children as possible."[3] *Id.*

The court also noted that Dodge's conduct, charged under 18 U.S.C. § 1470, was hardly different from "undoubtedly" registrable conduct under 18 U.S.C. § 2252B(b), "which criminalizes the use of a 'misleading domain name on the Internet with the intent to deceive a

---

[3] Of note, the Eighth Circuit in *Hill* quoted this language from *Dodge*, agreeing that Congress's purposeful intention in enacting SORNA was to define its terms broadly to protect children from sex offenders. 820 F.3d at 1005-06.

minor into viewing material that is harmful to minors.'"[4] [5] *Id.* at 1355-56. "So had Dodge sought to deceive the thirteen-year-old into viewing the images, SORNA clearly would have compelled his registration," the court said, continuing, "[i]t would be a bizarre result not to compel his registration simply because he is a truthful predator." *Id.* at 1356. Ultimately, the *Dodge* court affirmed the district court's imposition of the sex registration supervised release condition on the defendant, holding that "because Dodge's conviction was a 'specified offense against a minor,' Dodge committed a 'sex offense' and is therefore a 'sex offender' for SORNA purposes, subject to its registration requirement." *Id.* at 1351.

Here, the defendant has pled guilty to one count of transferring obscene material to a minor in violation of 18 U.S.C. § 1470, for sending an image of his nude penis to a child he knew to be younger than sixteen years old. Like the court declared in *Dodge*, it is the government's position in this case that a twenty-three-year-old man using the Internet to send an obscene photograph to a thirteen-year-old girl[6] "clearly constitutes…'conduct that by its natures is a sex offense against a minor." 597 F.3d at 1355. As such, defendant's crime is a "sex offense" under SORNA, making defendant a "sex offender" under SORNA, accountable to its requirements. Therefore, the court should overrule defendant's objections to Paragraph 98 and Mandatory Condition #6 and impose Mandatory Condition #6 as a requirement of the defendant's supervised release.

---

[4] "Material harmful to minors" is defined in 18 U.S.C. § 2252B(d) to include "communications, consisting of nudity" which meet three requirements, which themselves track the obscenity requirements of *Miller v. California*, 413 U.S. 15 (1973).
[5] This similarity was also analyzed by the court in *Schofield*, as discussed in government's Filing No. 28 at para. 5.
[6] The Minor Victim told defendant that Minor Victim was fourteen, but Minor Victim was thirteen years old.

        Respectfully Submitted,

        UNITED STATES OF AMERICA,

        STEVEN A. RUSSELL
        United States Attorney
        District of Nebraska


By:    s/ Kathryn A. Pflug
        KATHRYN A. PFLUG, #27650
        Assistant U.S. Attorney
        1620 Dodge Street, Ste. 1400
        Omaha, Nebraska 68102
        Tel: (402) 661-3700
        Fax: (402) 661-3084
        E-mail: kathryn.pflug@usdoj.gov


## CERTIFICATE OF SERVICE

      I hereby certify that on April 28, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all registered participants. I also hereby certify that a copy of the same was served by regular mail, postage prepaid, to the following non-CM/ECF participants: none.

        s/ Kathryn A. Pflug
        Assistant U.S. Attorney